UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D
SEP 01 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:20-CR-00025-S-DCR-MAS

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                           PLEA AGREEMENT

LARRY DALE FOLEY, JR.                                             DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 4 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The Defendant will also admit to the Forfeiture Allegation in the Superseding Indictment. The United States will move the Court to dismiss Counts 1 through 3 of the Superseding Indictment, which charge receipt, distribution, and possession of visual depictions of a minor engaged in sexually explicit conduct, at the time of sentencing.

2. The essential elements of 18 U.S.C. § 2251(a) are:

   (a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

   (b) The Defendant knew that the visual depictions he persuaded, induced, enticed and coerced the minor Victim to produce were produced using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer.

3. As to the offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)    On September 25, 2018, the National Center for Missing and Exploited Children (NCMEC) received a Cyber TipLine Report from Tumblr. According to the report, a blog on Tumblr had a user who had been distributing child pornography. Tumblr provided a representative sample of the child pornography, 46 images and two videos. The blog was shut down by Tumblr. The profile URL was daddy69foryou.tumblr.com. This account was associated with email xxxxxxxxxxx@gmail.com and Display Name daddy69foryou. The last Internet Protocol (IP) address associated with this user at the time of the report was 2600:1015:b106:1ea6:84d:d83b:1491:be6b. This account's last login was on September 3, 2018, at 18:30:13-0400. A representative from Tumblr had reviewed the images prior to them being submitted to NCMEC.

    (b) A Google subpoena return for the email xxxxxxxxxxx@gmail.com provided the following information: Name: Larry Foley, Jr.; recovery e-mail: "xxxxx_xxxxx5@mymail.eku.edu," created on December 26, 2009; SMS: 859-XXX-8630 (resolves back to Verizon Wireless); and Google Account ID: 869730232810.

    (c) The IP addresses provided by Tumblr resolved to Charter Communications. A subpoena return from Charter Communications resolved to the same information as the others: subscriber name Larry Foley; subscriber address XXX XXXXXXX Drive, Berea, Kentucky; email address associated with the account xxxxxxxxxx@twc.com and xxxxxxxxxxx@gmail.com; and phone number 859-XXX-8630. A subpoena return from Verizon Wireless for telephone number 859-XXX-8630 provided the following information: Account #: 585964202-1; Name: Larry D. Foley; address: XXX XXXXXXX Drive, Berea, Kentucky 40403; with an additional telephone number: 859-XXX-7223.

    (d) On January 6, 2020, Special Agent (SA) K. Kidd of the FBI and other law enforcement agents executed a federal search warrant at the residence of the Defendant in Berea, Kentucky, at which time numerous electronic devices belonging to the Defendant were seized. During a preliminary forensic examination of the devices seized, images of child pornography were located on some of the devices.

2

(e) The devices were then processed for a more comprehensive review. During this review, an FBI Forensic Examiner located an image on the Defendant's phone of a minor female being vaginally penetrated by an adult male penis. Upon review of non-child pornography images on Foley's devices, SA Kidd was able to locate items in the background of the child pornography that match items in Foley's residence. On Thursday, May 28, 2020, at the request of SA Kidd, a Child Advocacy Center (CAC) interview of the Minor Victim occurred. The Minor Victim disclosed that she believed the images were of her because of the physical and background items in the child pornography image. The minor victim in the child pornography image has a distinct mole near her belly button. The Minor Victim noted during the recorded interview she was not certain if she had such a mole, but post interview, she was able to confirm she did have a mole near her belly button in the same location as is depicted in the child pornography image. Per policy, SA Kidd requested a medical examination be conducted by the CAC to document the Minor Victim's disclosure of the mole. On June 9, 2020, a certified trauma pediatrician conducted a medical examination of the Minor Victim, locating and photographically documenting a mole in the same location on the minor's body as was depicted in the child pornography image located on the Defendant's phone. There was more than one image on the Defendant's phone that depicted the vaginal penetration of a minor with the same mole and background characteristics as in the original child pornography image.

(f) The forensic examination of the Defendant's electronic media revealed other still images and videos of child pornography.

(g) The Defendant knew that the visual depictions he persuaded, induced, enticed and coerced the Minor Victim to produce were produced using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer (cellular telephone qualifies as a computer). The Minor Victim was in the custody, care, or supervisory control of the Defendant at the time he committed the offense.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S.

3

District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty), committed after May 29, 2015 through September 30, 2021.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. The parties specifically agree to disagree as to the applicability of the 2 level increase for knowingly engaging in distribution, pursuant to U.S.S.G. § 2G2.1(b)(3). This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.), November 1, 2018 manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery.

(c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the victim had not attained the age of 12 years.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(4), increase the offense level by 4 levels because the material portrays sadistic or masochistic conduct (any penetration of a prepubescent child by an adult qualifies).

4

(g) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the Minor Victim was in the custody, care, or supervisory control of the Defendant at the time he committed the offense.

(h) Pursuant to U.S.S.G. § 4B1.5(b), increase the offense level by 5 levels because the instant offense is a covered sex crime (see App. Note 2 (A)(ii)), neither § 4B1.1 nor § 4B1.5(a) applies, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct (see App. Note 4 (A)(ii)).

(i) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(j) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction (Count 4), as well as any victims whose images are contained in the dismissed counts (Counts 1 through 3), pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory maximum

sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that there is a nexus between the property and the criminal violation, and/or that the property contains illegal contraband images.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

7

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 9/1/20       By: David A. Marye
                       David A. Marye
                       Assistant United States Attorney

Date: 9/1/20       Larry Dale Foley, Jr.
                       Defendant

Date: 9/1/20       William Daniel Carman
                       Attorney for Defendant