**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:20-CR-025-S-DCR-MAS**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**


**V.**          **UNITED STATES' SENTENCING MEMORANDUM**


**LARRY DALE FOLEY, JR.**                                        **DEFENDANT**


\* \* \* \* \*

Larry Dale Foley, Jr. pled guilty on September 1, 2020, to count 4 of the Superseding Indictment, which charged him with Using a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Image of that Conduct (Sexual Exploitation of Children), in violation of 18 U.S.C. § 2251(a).  The United States agreed to move the Court to dismiss the remaining counts of the Superseding Indictment, the original Indictment, and the Second Superseding Indictment at the sentencing hearing. The Defendant also admitted to the Forfeiture Allegation of the Superseding Indictment.

On November 19, 2020, the Defendant notified the Probation Officer and the undersigned Assistant United States Attorney via an electronic mail message (email) that he objects to the 2 level enhancement contained in paragraph 22 of the Presentence Investigation Report (PSR), which included a two level enhancement pursuant to United States Sentencing Guideline (U.S.S.G.) § 2G2.1(b)(3), because the Defendant knowingly engaged in distribution.  The United States has no objections to the PSR.

Before deducting three levels for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), the Probation Office determined that the Defendant's offense level was 51 (PSR, ¶ 29). After deducting the three levels for Acceptance of Responsibility, mathematically, the offense level would be 48; however, pursuant to Chapter 5, Part A, Application Note 2 of the guidelines, "[a]n offense level of more than 43 is to be treated as an offense level of 43." An offense level of 43 coupled with a Criminal History Category of I results in a guidelines range of life imprisonment. (PSR, ¶ 62). Since the statutory maximum for a violation of 18 U.S.C. § 2251(a) is thirty (30) years, the guideline term of imprisonment is 360 months, pursuant to U.S.S.G. § 5G1.1(a). *Id.*

The Defendant also faces a mandatory special assessment of $100.00, pursuant to 18 U.S.C. §3013(a)(2)(A), for the single count of the indictment to which he pled guilty. Additionally, the Defendant faces the mandatory special assessment of $5,000.00, pursuant to 18 U.S.C. §3014(a)(3), for any offenses which occurred after May 29, 2015, if the Court determines him to be non-indigent. The offense to which the Defendant pled guilty occurred between on or about March 1, 2018 and September 30, 2019; hence, he is subject to the additional mandatory special assessment of $5,000.00, unless the Court determines he is indigent.

## **DEFENDANT'S UNRESOLVED OBJECTION**

As noted in the PSR, the National Center for Missing and Exploited Children (NCMEC) received a Cyber TipLine Report from Tumblr that indicated a user whose

2

URL profile had an associated email address of larryfoleyjr@gmail.com had distributed

CP images.  (PSR, ¶ 7).  Investigation following the receipt of that Cyber TipLine Report

caused the FBI to obtain a federal search warrant for the Defendant's premises, which led

to the instant prosecution.  The United States will be prepared at sentencing to elicit

testimony from FBI Special Agent (SA) K. Kidd to show, by a preponderance of the

evidence, that the Defendant knowingly distributed child pornography (CP) images.

However, even if his objection were to be sustained, the Defendant's offense level would

still be 46, thus capped at level 43.

## 18 U.S.C. § 3553 AND THE APPROPRIATE SENTENCE

A substantial sentence is necessary "to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. §

3553(a)(2)(A).  Producing, receiving, and possessing child pornography are not

victimless crimes; instead they repeatedly expose each child victim to shame and

humiliation.  *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the

child's actions are reduced to a recording, the pornography may haunt him in future

years, long after the original misdeed took place.  A child who has posed for a camera

must go through life knowing that the recording is circulating within the mass

distribution system for child pornography.")  *See also United States v. Miller*, 665 F.3d

114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child

pornography, there is going to be an unending stream of child abuse of children who are

forced into these roles.")  Moreover, traders of child pornography often form a

community normalizing, teaching, and encouraging others interested in sexually molesting children.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  A guideline sentence of imprisonment for 360 months would be a clear warning to others considering similar conduct.  "General deterrence is crucial in the child pornography context."  *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).  *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing the district court for neglecting the importance of deterrence in a sentencing for possession of child pornography); *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons . . . promoting the product.").

Producers, traders and collectors of child pornography may have a compulsion for this material, but they are still deterred by law enforcement.  Learning of Foley's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, receiving, possessing and trading such material.  *See, e.g.*, *United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences") (Copy of opinion attached as Attachment A pursuant to *Sixth Circuit Rule 28*).

4

Another reason a substantial sentence is needed is "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).  According to the PSR, an image "of a minor female being vaginally penetrated by an adult male penis" was located on Foley's phone.  (PSR, ¶ 9).  Ultimately, it was determined that the minor female depicted in one or more of such images on the Defendant's electronic devices was the Minor Victim, and the adult male's penis was Foley's.  It was also determined that Foley's electronic devices contained hundreds of CP images.  Many child pornography victims state that the thought of men continually viewing pornographic images of them as children "for their own sick sexual desires" is what causes their continuing emotional distress as they enter adulthood.

18 U.S.C. § 3553(a)(6) notes, as another factor for district courts to consider, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."   Although the undersigned Assistant United States Attorney recognizes that this requirement to "avoid unwarranted sentence disparities" is intended to encompass nationwide sentences, it may be instructive to consider other such cases sentenced within the Eastern District of Kentucky (EDKY). The following list does not compare the sentences imposed in all cases of producing child pornography within the EDKY; however, it is a compilation of the cases prosecuted by the undersigned for production of child pornography in violation of 18 U.S.C. § 2251(a) since 2013:

1. *U.S. v. Luis Antonio Caballero*, 14-CR-066-KKC, sentenced to **360 months of imprisonment,** to be followed by a life term of supervised release. Caballero

5

had a previous "hands-on" conviction.  His guidelines range was 300 to 365 months.  (Guilty plea to single count).

2. *U.S. v. Mark Andrew Morris*, 15-CR-004-SS-JMH, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of two counts of 18 U.S.C. § 2251(a), 240 months on each of two counts of distribution and one count of receipt, and 120 months on one count of possession, concurrently, for **a total sentence of 360 months of imprisonment).**  His guidelines range was 1,560 months**.**  (jury trial).

3. *U.S. v. Cody Lee Herman*, 15-CR-065-KKC, sentenced to **300 months of imprisonment,** to be followed by a 30-year term of supervised release.  His guidelines range was 360 months. (Guilty plea to single count).

4. *U.S. v. Joseph David Martin,* 15-CR-011-GFVT, **sentenced to 360 months of imprisonment**, to be followed by a life term of supervised release. (Convicted by a jury of one count of 18 U.S.C. § 2251(a), 240 months on one count of receipt, and 120 months on one count of possession. Counts 1 and 2 were run concurrently, and count 3 was run consecutively, for a **total sentence of 480 months of imprisonment).**  His guidelines ranges were 360 months on Count 1, 240 months on Count 2, and 120 months on Count 3. (jury trial).

5. *U.S. v. Corey Lane Snapp*, 15-CR-074-DCR, sentenced to **215 months of imprisonment,** to be followed by a life term of supervised release.  His guidelines range was 210-262 months.  (Guilty plea to single count).

6. *U.S. v. Melissa A. Torres*, 15-CR-015-GFVT, sentenced to **300 months of imprisonment**, to be followed by a life term of supervised release.  Her guidelines range was 360 months.   (Guilty plea to single count).

7. *U.S. v. Michael Steven Rose,* 16-CR-001-DLB, sentenced to **420 months of imprisonment,** to be followed by a life term of supervised release. Rose had a previous "hands-on" conviction.  His guidelines range was 360 months to life imprisonment.  (Guilty plea to single count; binding plea agreement pursuant to F. R. Cr. Proc. 11(c)(1)(C)).

8. *U.S. v Ryan Patrick Cooper,* 16-CR-001-DCR, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release.  (Convicted by a jury of one count of 18 U.S.C. § 2251(a), and 240 months on one count of distribution, run concurrently, for a **total sentence of 360 months of**

6

**imprisonment**).  His guidelines range was life imprisonment, but he was capped at 360 and 240 months.  (jury trial).

9. *U.S. v Willie Ray Hubbard, Jr.,* 16-CR-061-KKC, sentenced to **240 months of imprisonment**, to be followed by a life term of supervised release.  His guidelines range was 210 to 262 months.  (Guilty plea to single count).

10. *U.S. v Steven Michael Smith,* 17-CR-023-JMH, sentenced to **240 months of imprisonment**, to be followed by a life term of supervised release.  His guidelines range was 360 months to life imprisonment.  (Guilty plea to single count).

11. *U.S. v Matthew Craig Fosson,* 17-CR-001-GFVT, sentenced to **276 months of imprisonment**, to be followed by a life term of supervised release.  His guidelines range was life imprisonment, capped at 360 months.  (Guilty plea to single count).

12. *U.S. v. Jordan Combs*, 17-CR-031-S-KKC, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of four counts of 18 U.S.C. § 2251(a), 240 months on each of five counts of distribution and ten counts of receipt, and 120 months on one count of possession, concurrently, for **a total sentence of 360 months of imprisonment).**  $3,000.00 in restitution was also ordered.  His guidelines range was life imprisonment.  (jury trial).

13. *U.S. v. Saul Aguilar Andres*, 17-CR-091-JMH and 18-CR-40-JMH (Rule 20 transfer from NDIL), **sentenced to 360 months of imprisonment on each of two counts in 18-CR-40-JMH,** run concurrently to each other but consecutively to 240 months of imprisonment for transportation of CP in 17-CR-091-JMH, for **a total sentence of 600 months of imprisonment,** to be followed by a life term of supervised release.  His guidelines range was life imprisonment, capped at 360, 360, and 240 months.  (Guilty plea to two counts of production and one count of transportation).

14. *U.S. v Shannon S. Simonton,* 18-CR-011-GFVT, sentenced to **240 months of imprisonment**, to be followed by a 25-year term of supervised release.  His guidelines range was 360 months to life imprisonment, capped at 360 months. (Guilty plea to single count).

15. *U.S. v Bobby T. Cassady,* 18-CR-104-JMH, sentenced to **180 months of imprisonment**, to be followed by a life term of supervised release.  His

guidelines range was 188 to 235 months imprisonment, capped at 360 months. Upon his agreement to pay $15,000.00 restitution to the victim's family for a college scholarship fund, the United States did not object to the Defendant's request for a sentence of 180 months.  (Guilty plea to single count).

16.  *U.S. v. Richard Eugene Derringer*, 19-CR-056-S-DCR, **sentenced to 360 months of imprisonment,** on each of two counts, 240 months on one count of possession of child pornography, and 240 months on one count of distribution of methamphetamine, run consecutively, for a **total sentence of 1200 months (100 years) imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of four counts of a five count indictment). His guidelines range was life imprisonment.  (jury trial).

17.  *U.S. v James E. Woosley,* 19-CR-37-DCR, sentenced to **360 months of imprisonment**, to be followed by a 15-year term of supervised release.  His guidelines range was life imprisonment, capped at 360 months.  (Guilty plea to single count).

Each of the above cases resolved by a guilty plea (except Aguilar Andres, who pleaded guilty to a total of three counts) were pleas to a single count of production with the dismissal of all remaining counts.  The defendants in those cases resolved by a trial, except Richard Derringer, were convicted by a jury of all counts contained in their indictments.

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense."  18 U.S.C. §§ 2259(a) and (b)(4) make the entry of an order of restitution mandatory in any case involving an offense contained in chapter 110, which includes the offense of which the Defendant has been convicted.

The United States Attorney's Office (USAO) has now been apprised that the Minor Victim of Count 4 of the Superseding Indictment has only recently disclosed the

8

sexual abuse perpetrated upon her by the Defendant.  She has been receiving mental health counselling.  The counsellor is unable at this time to accurately determine the extent of future counselling needs of the Minor Victim.   The United States hereby requests an additional ninety days within which to resolve the matter of restitution, pursuant to 18 U.S.C. § 3664(5).  Hopefully by the time of the hearing to determine restitution, the Minor Victim will have undergone numerous counselling sessions and the counsellor will be able to provide an accurate assessment of the future counselling needs of the Minor Victim.  The United States respectfully requests the Court to permit this sentencing memorandum to be the equivalent of the notice required by 18 U.S.C. § 3664(5).

## NOTICE OF VICTIM'S DESIRE TO ADDRESS THE COURT

The Minor Victim's mother has recently apprised the United States Attorney's Office Victim Assistance Specialist that the Minor Victim desires to address the Court at sentencing, pursuant to 18 U.S.C. § 3771(a)(4).   The Minor Victim's mother also wishes to address the Court at sentencing, pursuant to 18 U.S.C. § 3771(e)(2)(B).

## CONCLUSION

The United States respectfully requests the Court to impose a sentence of 360 months imprisonment to be followed by a substantial term of supervised release, and to enter an Order of Forfeiture regarding all of the items contained in the Forfeiture Allegation of the indictment.  Based upon the request of the Minor Victim, the United States also requests that, as a condition of the Defendant's incarceration and supervised

release, he be ordered to have no contact with the Minor Victim, unless such contact is initiated by her.  See *United States v. Widmer*, 785 F. 3d 200, 209 (6th Cir. 2015) ("it is undeniable that the district court was within its discretion to address its concerns about the safety of Widmer's minor daughter.") (Copy of opinion attached as Attachment B pursuant to *Sixth Circuit Rule 28*).

The United States also requests the Court to determine whether the Defendant is indigent, and if not, to impose the mandatory special assessment of $5,000.00 required by 18 U.S.C. §3014(a)(3) for those defendants who are determined by the Court to be non-indigent.  Such a sentence will be sufficient, but not greater than necessary, to comply with the purposes contained in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By:    s/ David A. Marye
       Assistant United States Attorney
       260 W. Vine Street
       Lexington, Kentucky 40507-1612
       (859) 685-4873
       David.Marye@usdoj.gov

10

<u>CERTIFICATE OF SERVICE</u>

On November 30, 2020, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

William Daniel Carman, Esq.
*Attorney for Larry Dale Foley, Jr.*

Furthermore, I emailed a copy of this document to U.S. Probation Officer Alan L. Hammond.

s/ David A. Marye
Assistant United States Attorney

11