⚠ Caution
As of: November 30, 2020 8:33 PM Z

# *United States v. Widmer*

United States Court of Appeals for the Sixth Circuit

January 14, 2013, Filed

File Name: 13a0069n.06

No. 12-5134

**Reporter**
511 Fed. Appx. 506 *; 2013 U.S. App. LEXIS 1123 **; 2013 FED App. 0069N (6th Cir.); 2013 WL 150133

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. SEAN JAY WIDMER, Defendant-Appellant.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. *SIXTH CIRCUIT RULE 28* LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE *RULE 28* BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Decision reached on appeal by *United States v. Widmer, 2015 U.S. App. LEXIS 7469 (6th Cir.), 2015 FED App. 81P (6th Cir.) (6th Cir. Tenn., 2015)*

**Prior History:** [**1] ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE.

## Core Terms

sentence, supervised release, child pornography, special condition, conditions, variance, district court, factors, images, deterrence, offender, sexual, recommended, departure, sentencing hearing, downward, testing, levels, recidivism, probation,

reasons

## Case Summary

### Procedural Posture

Defendant, who pled guilty to one count of knowingly receiving child pornography in violation of *18 U.S.C.S. § 2252A(a)(2)* and *(b)(1)*, appealed the sentence imposed by the United States District Court for the Eastern District of Tennessee. Defendant challenged the procedural and substantive reasonableness of his sentence and the special conditions imposed on his supervised release.

### Overview

Defendant argued that the district court abused its discretion by misconstruing his variance motion as a downward-departure motion and that the district court's use of the phrase "the heartland" suggested it treated the Guidelines as mandatory, thereby overlooking the *18 U.S.C.S. § 3553(a)* sentencing factors. The court held that the record demonstrated that the district court conducted separate departure and variance analyses, affording him two chances at relief, and that the district court individually assessed the *§ 3553(a)* factors and simply found that they did not warrant a downward variance. Defendant's substantive reasonableness challenges failed because he did not overcome the presumption that his 97-month sentence was reasonable since it fell within the properly calculated Guidelines range of 97-121 months. The court vacated

David Marye

the special conditions because the district court imposed the challenged conditions pursuant to 18 U.S.C.S. § 3583 without explaining or addressing defendant's argument that his circumstances did not justify special supervised release conditions. The reasons for imposing defendant's special conditions were not clear from the overall record.

**Outcome**
The sentence was affirmed. The special conditions of supervised release were vacated, and the case was remanded to the district court for a fuller explanation of its reasons for imposing the special conditions of supervised release.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Appeals > Standards of Review > Abuse of Discretion

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

Criminal Law & Procedure > Sentencing > Sentencing Guidelines > General Overview

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Factors

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Findings

### HN1[ ] Standards of Review, Abuse of Discretion

An appellate court reviews a district court's sentencing determination for reasonableness under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error such as treating the Guidelines as mandatory, failing to consider the 18 U.S.C.S. § 3553(a) factors or failing to adequately explain the chosen sentence. If the sentence is procedurally sound, the appellate court then considers its substantive reasonableness.

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Factors

Evidence > Burdens of Proof > Allocation

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

Criminal Law & Procedure > Sentencing > Sentencing Guidelines > General Overview

Evidence > Inferences & Presumptions > Presumptions

### HN2[ ] Imposition of Sentence, Factors

A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent 18 U.S.C.S. § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor. If a defendant's sentence falls within the properly calculated Guidelines range, the appellate court affords it a presumption of reasonableness. A defendant bears a heavy burden in showing that his sentence at the low-end of his Guidelines range is substantively unreasonable.

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Factors

Criminal Law & Procedure > ... > Child Pornography > Employing Minor to Engage in Child Pornography > Penalties

### HN3[ ] Imposition of Sentence, Factors

When courts consider general deterrence as a sentencing factor, the inquiry should be focused upon

the market for such activities and target the production, distribution, receipt, or possession of child pornography. General deterrence is crucial in the child pornography context.

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Factors

**HN4**[ ] **Imposition of Sentence, Factors**

A court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.

Criminal Law & Procedure > ... > Appeals > Standards of Review > Abuse of Discretion

Criminal Law & Procedure > Sentencing > Supervised Release

**HN5**[ ] **Standards of Review, Abuse of Discretion**

An appellate court reviews special conditions imposed during supervised release for abuse of discretion.

Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > General Overview

Criminal Law & Procedure > ... > Appeals > Standards of Review > General Overview

Criminal Law & Procedure > Sentencing > Supervised Release

**HN6**[ ] **Standards of Review, Harmless & Invited Error**

An appellate court's review of special conditions involves procedural and substantive components. To be procedurally reasonable, the district court must first state in open court its rationale for mandating special conditions of supervised release. Special conditions imposed without specific justification are harmless error if the supporting reasons are evident on the overall record, and the subject special conditions are related to

the dual major purposes of probation, namely rehabilitation of the offender and enhancement of public safety.

**Counsel:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Frank McRoy Dale, Jr., Assistant U.S. Attorney, Debra A. Breneman, Assistant U.S. Attorney, U.S. Attorney's Office, Knoxville, TN.

For SEAN JAY WIDMER, Defendant - Appellant: Dana Hansen Chavis, Assistant Federal Public Defender, Federal Defender Services, Knoxville, TN.

**Judges:** Before: COOK and WHITE, Circuit Judges; SHARP, District Judge.[*]

**Opinion by:** COOK

## Opinion

[*508] COOK, Circuit Judge. Sean Widmer pleaded guilty to one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). The district court imposed a low-end Guidelines sentence of ninety-seven months' imprisonment, followed by five years of supervised release. On appeal, Widmer challenges the procedural and substantive reasonableness of his sentence and the special conditions imposed on his supervised release. For the following reasons, we AFFIRM Widmer's sentence, and VACATE and REMAND the special conditions of his supervised release for further proceedings consistent [**2] with this opinion.

I.

On February 1, 2010, federal investigators interviewed Widmer regarding child pornography on his computer. Widmer admitted that he used a file-sharing software program to receive child pornography via the Internet. He also provided written consent for agents to examine

---

[*] The Honorable Kevin H. Sharp, United States District Judge for the Middle District of Tennessee, sitting by designation.

his computer, and agents' later examination identified seven still images and 134 videos depicting identifiable child victims, prepubescent children in sexual contact with adults and other children, and sadistic and masochistic conduct. Because the Guidelines credit each video as seventy-five images, Widmer possessed 10,057 images.

Widmer stipulated to a base offense level of twenty-two in his plea agreement. Probation's Presentence Investigation Report ("PSR") calculated the applicable sentencing adjustments. Widmer obtained reductions for receipt without the intent to distribute (two levels) and acceptance of responsibility (three levels). He also received enhancements because he possessed more than 600 images (five levels), used a computer to receive the pornography (two levels), and the images contained prepubescent minors (two levels) and depicted sadistic, masochistic, or violent content (four [**3] levels). Widmer's offense level totaled thirty. This offense level and Widmer's criminal history yielded an advisory Guidelines range of 97-121 months' imprisonment. Additionally, 18 U.S.C. § 3583(k) mandated a minimum five-year term of supervised release, on which the PSR recommended the court impose the Eastern District of Tennessee's standard special conditions of supervised release for sex offenders. Widmer objected to five: sex-offender mental-health treatment, a post-release psychosexual evaluation, probation-officer compliance searches, and restrictions on both his association with minors and use of computers.

To support his challenge, Widmer argued that testing performed by Dr. Ted Shaw demonstrated that he presented no risk to children and had a low likelihood of recidivism. (See R. 27, Def.'s Obj. PSR.) At a later hearing, however, the court found Shaw's report "highly subjective" and ordered additional assessment and testing with Dr. James Michael Adler. (R. 44, Addt'l Testing Hr'g Tr. at 66:18-20, ID #336.) During this additional testing, Widmer admitted masturbating to images in his child pornography collection (R. 45, Adler Report at 13, ID #353), and Dr. [*509] Adler's report [**4] assessed a "low-moderate" risk of recidivism (id. at 11, ID #351).

Three days before the sentencing hearing, the court issued an order overruling Widmer's PSR objections (see R. 49, Jan. 20, 2012 Order, ID #506), concluding that the challenged conditions, if imposed at the sentencing hearing, would not impermissibly delegate sentencing authority to the probation department (id. at 11-12, ID #516-17). Further, the court found each of the PSR's recommended supervised-release conditions reasonably related to the crime of child pornography, but "[i]t remain[ed] for the Court to determine at sentencing whether [Widmer's] specific offense, history, and characteristics merit the imposition of these post-incarceration terms." (Id. at 14, ID #519.)

Widmer also filed a "Motion for Below-Guidelines Sentence Based on § 3553(a) Factors and Sentencing Memorandum" (R. 47), seeking a sixty-month mandatory-minimum sentence. At the sentencing hearing, after listening to testimony from Drs. Shaw and Adler, the court imposed a ninety-seven month, low-end, within-Guidelines sentence and five years of supervised release with the standard special conditions.

II.

A. Reasonableness of the Sentence

HN1[↑] We review a district [**5] court's sentencing determination for reasonableness under a deferential abuse-of-discretion standard, United States v. Bolds, 511 F.3d 568, 578 (6th Cir. 2007), first ensuring that the district court committed no significant procedural error such as "treating the Guidelines as mandatory, failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). If the sentence is procedurally sound, we then consider its substantive reasonableness. United States v. Grossman, 513 F.3d 592, 595 (6th Cir. 2008) (quoting Gall, 552 U.S. at 51).

i. Procedural Reasonableness

Widmer levied two procedural-reasonableness challenges: First, he argued that the court abused its discretion by misconstruing his variance motion as a downward-departure motion, erroneously employing departure standards to deny a variance. Second, he argued that the court's use of the phrase "the heartland" suggests it treated the Guidelines as mandatory, thereby overlooking the § 3553(a) sentencing factors.

Widmer's first argument fails because the record demonstrates that the court conducted separate departure and variance analyses, affording him [**6] two chances at relief. The court separately outlined the grounds on which it could grant a departure or variance (see R. 55, Sent'g Tr. at 151:2-17 (explaining departures), 151:18-152:4 (explaining variances)), explaining, for example, that it "has much

more discretion and may take a wide range of considerations into account when determining whether a downward variance is appropriate under . . . Section 3553(a)." (Id. at 151:18-21.) The court clearly signaled when it moved from departure to variance analysis: "Furthermore, a downward variance is not warranted . . . ." (Id. at 152:18 (emphasis added).) Ultimately, the court independently decided the departure and variance issues: "The Court finds that there is no basis for a downward departure and that the Section 3553(a) factors do not indicate that a downward variance is warranted in this case." (Id. at 155:14-16.) Though Widmer insists that his "Motion for a Below Guidelines Sentence" requested only a downward variance, we find no abuse of [*510] discretion in the court's decision to analyze an additional possible ground for shortening Widmer's sentence.

Widmer further contends that the court's use of the phrase "the heartland," a concept [**7] developed before the Guidelines became advisory, betrays the court's improper treatment of the § 3553(a) factors. He posits that the court treated the Guidelines as mandatory by first requiring facts to remove Widmer's case from "the heartland" of child pornography cases before considering the § 3553(a) factors. Again, the record belies Widmer's claim. The court individually assessed the § 3553(a) factors and simply found that they did not warrant a downward variance. (See id. at 155:15-16.) The court clearly understood the Guidelines' advisory nature. (See, e.g., id. at 149:23 (declaring that it "treat[s] the Sentencing Commission Guidelines as advisory only").) We glean no procedural error from the court's two brief references to "the heartland."

ii. Substantive Reasonableness

HN2[⬆] "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." United States v. Cunningham, 669 F.3d 723, 733 (6th Cir. 2012) (citing United States v. Collington, 461 F.3d 805, 808 (6th Cir. 2006)). Because Widmer's [**8] ninety-seven month sentence falls within the properly calculated Guidelines range of 97-121 months, we afford it a presumption of reasonableness. United States v. Simmons, 587 F.3d 348, 365 (6th Cir. 2009). "Defendant bears a heavy burden in showing that his sentence at the low-end of his Guidelines range is [substantively] unreasonable." Cunningham, 669 F.3d at 733 (citing United States v. Bolds, 511 F.3d 568, 581 (6th Cir. 2007)). Here, presumptive reasonableness dooms Widmer's substantive-reasonableness challenges.

Widmer argues that the district court inappropriately utilized the "market theory" of child pornography to impose his sentence. Because his conduct involved downloading rather than exchanging or purchasing child pornography, Widmer argues that he could not have affected the child-pornography market. HN3[⬆] When courts consider general deterrence as a sentencing factor, the inquiry "should be focused upon the market for such activities" and target the "production, distribution, receipt, or possession of child pornography." United States v. Robinson, 669 F.3d 767, 777 (6th Cir. 2012). General deterrence "is crucial in the child pornography context." United States v. Camiscione, 591 F.3d 823, 834 (6th Cir. 2010).

Here, [**9] the district court relied on the market theory for only part of its general deterrence analysis before properly considering the sentence's deterrent effect. After explaining that "[t]hose who receive child pornography form a market for the images and encourage the further abuse of children depicted in the images," (R. 55, Sent'g Tr. at 153:3-6), the court employed yet another rationale—difficulty of detection. "General deterrence is especially important in child pornography cases because child pornography is . . . difficult to detect, as the Internet allows potential offenders to perpetrate the offense in the privacy of their homes." (Id. at 154:22-25.) The court stated that Widmer's sentence "will send a signal to would-be offenders that receipt of child pornography carries significant consequences." (Id. at 155:6-7.) Cf. Camiscione, 591 F.3d at 834 (reversing district court because it "failed to consider how its sentence provided adequate 'general deterrence' to the population [*511] at large"). The district court clearly considered the need for its sentence to promote general deterrence, and its analysis withstands Widmer's challenge.

Widmer next argues that the district court overlooked [**10] the results of the additional, court-mandated testing. Yet the record shows that counsel, the court, and Widmer discussed Dr. Adler's additional testing throughout Widmer's sentencing hearing. At the start of Dr. Adler's testimony, the court confirmed it received his written report. (R. 55, Sent'g Tr. at 28:9.) During the hearing, Widmer's counsel and the Government questioned Dr. Adler at length about his findings. (Id. at 27-76.) When Widmer addressed the court, he referenced his interactions with Dr. Adler. (Id. at 157:12-

16.) The court considered the import of Widmer's masturbation to images of adolescent females (*id.* at 154:6-9), later recounting that "Dr. Michael Adler[] found ample evidence that [Widmer] has some sexual interest in children and reported that [Widmer] had a low to moderate range of risk of recidivism." (*Id.* at 167:22-25.)

Widmer also overstates Dr. Adler's testimony as proof that he lacks a sexual interest in children. Dr. Adler's report suggests that Widmer poses a "low-moderate range of risk" and "most likely does not have a 'sexual interest' in children." (*See* [**11] R. 45, Adler Report at 11, ID #351.) These statements contradict Widmer's exaggerated interpretation—that the test absolves him of culpable conduct and any risk of recidivism. Rather than disproving Widmer's sexual interest in children, Adler's report raises questions about Widmer's culpability and motivations. The report also found that Widmer's "use of child pornography is much more complex than he currently acknowledges," and "[w]hen challenged, [he] becomes angry, agitated, and reports memory loss." (*Id.*) The court could draw upon all of these findings, and Widmer fails to show abuse of discretion.

Nor did the district court violate *Tapia v. United States, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011)*, by imposing a longer sentence than otherwise appropriate so Widmer could complete a treatment program. *Tapia* instructs that HN4[↑] "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia, 131 S. Ct. at 2393*. Here, the probation officer recommended that Widmer submit to sex offender and drug treatment while imprisoned. The court recommended such treatment to the Bureau of Prisons after finding that Widmer "is in need [**12] [of] and will benefit from [treatment] during his incarceration." (R. 55, Sent'g Tr. at 155:11-13.) Contrary to *Tapia*, where the lower court imposed a fifty-one month sentence "so [defendant] is in long enough to get" recommended treatment, *131 S. Ct. at 2385*, here the court merely found that Widmer would benefit from treatment during incarceration and recommended as much. The court's rehabilitative concerns here differ markedly from the imposition of treatment *for* rehabilitative purposes at issue in *Tapia*. Thus, we find that the district court did not violate *Tapia*'s prohibition.

Widmer further contends that the court erred when weighing the § 3553(a) factors. But the court properly considered these factors, going so far as to commend Widmer for his work history, favorable characteristics, references, and post-rehabilitative efforts. (R. 55, Sent'g Tr. at 152:18-22.) The court properly determined that Widmer's risk of recidivism and his offense's willful and lengthy nature necessitated specific deterrence. (*Id.* at 154: 10-19.) It decided the sentence was necessary to "send a signal to would-be [*512] offenders that receipt of child pornography carries significant consequences." (*Id.* at 155:6-7.) [**13] We discern no error in the court's characterization of Widmer's conduct, let alone in its evaluation of the evidence to find him sexually interested in children. Widmer downloaded images of minor children engaging in sexual activity with adult males. (*Id.* at 12:6-12.) He admitted to Dr. Adler that he masturbated to the images "of the older kids, the adolescents." (*Id.* at 30:23-24.) The record reflects no clear error in the court's determination that Widmer's masturbation discredits his asserted sexual disinterest in children.

The district court properly assessed Widmer's case, and we find no abuse of discretion in Widmer's ninety-seven month sentence.

B. Special Supervised Release Conditions

HN5[↑] We review special conditions imposed during supervised release for abuse of discretion. *United States v. Brogdon, 503 F.3d 555, 563 (6th Cir. 2007)*. Despite the Government's argument that Widmer failed to object to the terms at sentencing, necessitating plain-error review, Widmer properly preserved the issue: "I respectfully object to the procedural and substantive reasonableness of the sentence and of the terms—of some of the terms of supervised release, the ones that we've objected to." (R. 55, [**14] Sent'g Tr. at 168:20-22.) Widmer's objection to the PSR, filed before the sentencing hearing, pointed to the same five conditions he now appeals. (R. 27, Def.'s Obj. PSR at 24-46.) Because he previously objected to these five conditions, and his attorney objected to the procedural and substantive reasonableness of these conditions at sentencing, abuse-of-discretion applies.

HN6[↑] This court's review of special conditions involves procedural and substantive components. To be procedurally reasonable, the court must first "state in open court . . . its rationale for mandating special conditions of supervised release." *United States v. Carter, 463 F.3d 526, 528-29 (6th Cir. 2006)* (citation and internal quotation marks omitted). Special conditions imposed without specific justification are "harmless error if the supporting reasons are evident on the overall record, and the subject special condition[s are] related to the dual major purposes of probation,

namely rehabilitation of the offender and enhancement of public safety." Brogdon, 503 F.3d at 564 (quoting United States v. Kingsley, 241 F.3d 828, 836 (6th Cir. 2001)).

In Widmer's case, the court imposed the shortest possible term of supervised [**15] release. See 18 U.S.C. § 3583(k). In its order overruling Widmer's PSR objections, the court repeatedly tied the challenged conditions to the crime of child pornography, but postponed examining whether Widmer's circumstances merited special conditions until the sentencing hearing. "The PSR's recommended conditions of supervised release are reasonably related to the crime for which Defendant has been convicted. It remains for the Court to determine at sentencing whether the Defendant's specific offense, history, and characteristics merit the imposition of these post-incarceration terms." (R. 49, Jan. 20, 2012 Order at 14, ID #519.)

Yet at sentencing, the court imposed the challenged conditions without explaining or addressing Widmer's argument that his circumstances did not justify special supervised release conditions. The court merely stated, "Last, the Defendant shall comply with the sex offender conditions set forth in Paragraphs 114 through 126 of the pre-sentence report." (R. 55, Sent'g Tr. at 164:19-21.) Although we sometimes affirm special conditions of supervised release on a silent record, see, [*513] e.g., United States v. Lantz, 443 F. App'x 135, 144-45 (6th Cir. 2011) (computer [**16] restrictions), this case differs because the reasons for imposing Widmer's special conditions are not clear from the overall record. The association restriction, for example, bars Widmer from all contact with minors—even his own daughter—absent a probation officer's approval. But because Widmer never solicited or physically harmed a child, the record lacks an obvious rationale for imposing such a restriction. After having failed to deliver the promised analysis of Widmer's objections to the special conditions of supervised release, omitting rationales supporting special conditions of supervised release cannot be harmless. We therefore vacate the challenged conditions of supervised release and remand to the district court for a fuller explanation of its reasons for imposing the five special conditions of supervised release.

III.

For the foregoing reasons, we AFFIRM Widmer's sentence, VACATE the special conditions of supervised release, and REMAND for proceedings consistent with this opinion.

End of Document

David Marye