

Positive
As of: November 30, 2020 8:33 PM Z

# *United States v. Widmer*

United States Court of Appeals for the Sixth Circuit

September 30, 2014, Argued; May 6, 2015, Decided; May 6, 2015, Filed

File Name: 15a0081p.06

No. 13-6283

**Reporter**
785 F.3d 200 *; 2015 U.S. App. LEXIS 7469 **; 2015 FED App. 0081P (6th Cir.)

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. SEAN WIDMER, Defendant-Appellant.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. *SIXTH CIRCUIT RULE 28* LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE *RULE 28* BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Rehearing, en banc, denied by *United States v. Widmer, 2015 U.S. App. LEXIS 10307 (6th Cir., June 11, 2015)*

US Supreme Court certiorari denied by *Widmer v. United States, 2015 U.S. LEXIS 7933 (U.S., Dec. 14, 2015)*

**Prior History:** [**1] Appeal from the United States District Court for the Eastern District of Tennessee at Knoxville. No. 3:10-cr-00078-1—Thomas A. Varlan, Chief District Judge.

*United States v. Widmer, 511 Fed. Appx. 506, 2013 U.S. App. LEXIS 1123 (6th Cir.), 2013 FED App. 69N (6th Cir.) (6th Cir. Tenn., 2013)*

## Core Terms

district court, special condition, supervised release, minors, sentencing, daughter, sexual, rehabilitation, public protection, conditions, child pornography, images, fundamental rights, restrictions, adults, possess child pornography, reasonably related, sexual interest, own child, convicted, possessed, probation officer, sex offender, circumstances, challenges, depicting, quotation, sadistic, argues, courts

## Case Summary

### Overview

HOLDINGS: [1]-Where defendant pled guilty to receipt of child pornography under *18 U.S.C.S. § 2252A* and a special condition of supervised release prohibited him from associating with minors without first receiving written authorization from his probation officer, it was not an abuse of discretion to impose the association restriction as it related to minors other than his daughter based on evidence regarding his sexual interest in children, risk of sexually acting out in the future, possession of depictions of adults engaged in sexual activity with children, and possession of sadistic images involving children; [2]-Applying the restriction to defendant's interactions with his own child did not violate his fundamental right of familial association under the *Fourteenth Amendment*, because, inter alia, the restriction was tailored for the precise purpose of protecting his daughter.

David Marye

**Outcome**

Imposition of special condition affirmed.

# LexisNexis® Headnotes

Criminal Law & Procedure > ... > Appeals > Standards of Review > Abuse of Discretion

Criminal Law & Procedure > Sentencing > Supervised Release

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

**HN1[⬇]  Standards of Review, Abuse of Discretion**

An appellate court reviews special conditions imposed during supervised release for abuse of discretion. This review requires the appellate court to consider both the procedural and substantive reasonableness of the special condition at issue in the appeal.

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

Criminal Law & Procedure > Sentencing > Supervised Release

**HN2[⬇]  Appeals, Proportionality & Reasonableness Review**

Procedural reasonableness requires the district court to state its rationale for mandating special conditions of supervised release in open court at the time of sentencing.

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

Criminal Law & Procedure > Sentencing > Supervised Release

**HN3[⬇]  Appeals, Proportionality & Reasonableness Review**

The substantive reasonableness inquiry requires an appellate court to determine whether the condition of supervised release: (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant, and the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission.

Criminal Law & Procedure > Sentencing > Supervised Release

**HN4[⬇]  Sentencing, Supervised Release**

Where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld. Special conditions of supervised release that implicate fundamental rights such as freedom of association are subject to careful review, but if primarily designed to meet the ends of rehabilitation and protection of the public, they are generally upheld.

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

Criminal Law & Procedure > Sentencing > Supervised Release

**HN5[⬇]  Appeals, Proportionality & Reasonableness Review**

In light of the district court's "front-row seat" during trial, reviewing courts tend to be deferential to a district court's imposition of supervised release conditions. However, to satisfy procedural reasonableness, the district court is required to state its rationale for

imposing supervised release conditions.

Constitutional Law > Substantive Due Process > Scope

Criminal Law & Procedure > ... > Appeals > Standards of Review > General Overview

Criminal Law & Procedure > Sentencing > Supervised Release

**HN6[ ]** **Constitutional Law, Substantive Due Process**

In the supervised release context, the United States Court of Appeals for the Sixth Circuit has recognized that special conditions affecting fundamental rights require "careful review" and that the Constitution protects a parent's right to raise his children.

Criminal Law & Procedure > Sentencing > Supervised Release

**HN7[ ]** **Sentencing, Supervised Release**

In the supervised release context, special conditions must be tailored to the specific case at hand.

Criminal Law & Procedure > Sentencing > Appeals > Proportionality & Reasonableness Review

Criminal Law & Procedure > Sentencing > Supervised Release

**HN8[ ]** **Appeals, Proportionality & Reasonableness Review**

In the supervised release context, to satisfy substantive reasonableness a special condition must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant.

Criminal Law & Procedure > Sentencing > Imposition of Sentence > Evidence

Criminal Law & Procedure > ... > Appeals > Standards of Review > General Overview

**HN9[ ]** **Imposition of Sentence, Evidence**

Credibility judgments are particularly the province of the district court, with only a narrow scope for appellate intervention when a district court has relied on testimony that simply cannot be believed.

Criminal Law & Procedure > ... > Sex Crimes > Child Pornography > General Overview

Criminal Law & Procedure > Sentencing > Supervised Release

**HN10[ ]** **Sex Crimes, Child Pornography**

A defendant convicted of possessing child pornography need not have previously assaulted a minor to justify the imposition of a restriction on the defendant's association with minors. Indeed, a sex offender does not get one free pass at child molestation before prophylactic rules of supervised release designed to protect children become appropriate.

Criminal Law & Procedure > ... > Appeals > Standards of Review > General Overview

Criminal Law & Procedure > Sentencing > Supervised Release

**HN11[ ]** **Appeals, Standards of Review**

Even individual fundamental rights safeguarded by the United States Constitution may be denied or limited by judicially exacted special conditions of supervised release, as long as those restrictions are directly related to advancing the individual's rehabilitation and preventing recidivism. Special conditions that implicate fundamental rights are "generally upheld" if they are primarily designed to meet the ends of rehabilitation and protection of the public. Such conditions are subject to careful review.

Constitutional Law > Substantive Due Process > Scope

David Marye

785 F.3d 200, *200; 2015 U.S. App. LEXIS 7469, **1

**HN12[ ]   Constitutional Law, Substantive Due Process**

The United States Supreme Court has identified "family life, and the upbringing of children" as among associational rights the Supreme Court has ranked as of basic importance in our society, rights sheltered by the *Fourteenth Amendment* against the State's unwarranted usurpation, disregard, or disrespect. The companionship, care, custody and management of one's children is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection. The United States Court of Appeals for the Sixth Circuit has recognized this right as well, noting that the Constitution protects a parent's right to raise his children. Parents have a fundamental liberty interest in the custody of their children.

Constitutional Law > Substantive Due Process > Scope

Family Law > Parental Duties & Rights > General Overview

Family Law > Family Protection & Welfare > General Overview

**HN13[ ]   Constitutional Law, Substantive Due Process**

The fundamental parental rights are not absolute: Although it has recognized this abstract fundamental liberty interest in family integrity, the Supreme Court has yet to articulate the parameters of this right. Nonetheless, what is clear is that the right to family integrity, while critically important, is neither absolute nor unqualified. The right is limited by an equally compelling governmental interest in the protection of children, particularly where the children need to be protected from their own parents. Governmental entities have a traditional and transcendent interest in protecting children within their jurisdiction from abuse. Thus, although parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is necessary as against the parents themselves.

Criminal Law & Procedure > Sentencing > Supervised Release

**HN14[ ]   Sentencing, Supervised Release**

Special conditions of supervised release that implicate parental rights are considered more intrusive and require explicit consideration by the sentencing court.

Criminal Law & Procedure > ... > Appeals > Standards of Review > General Overview

Criminal Law & Procedure > Sentencing > Supervised Release

**HN15[ ]   Appeals, Standards of Review**

It is certainly reasonable for the court to be concerned about contact between children and adults, even parents, who have been convicted of crimes that entail a sexual interest in children. Undoubtedly, the court's interest in protecting minors from sexual predation extends to the children of sexual predators. In fact, such children may be most in need of the courts' protection. There is a compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is necessary as against the parents themselves. In the context of determining the necessity of special conditions of supervised release, trial courts are tasked with considering the need to protect the public from further crimes of the defendant, including the need for conditions of supervised release designed to protect children. Trial courts are afforded considerable deference in such sentencing decisions, as they are best suited to evaluate the danger that a defendant poses to children. The appellate court should acknowledge the trial courts' comparative advantages—its ring-side perspective on the sentencing hearing and its experience over time in sentencing other individuals—and give considerable deference to their sentencing decisions.

Criminal Law & Procedure > ... > Appeals > Standards of Review > General Overview

Criminal Law & Procedure > Sentencing > Supervised Release

David Marye

**HN16[]** Appeals, Standards of Review

In the supervised release context, if primarily designed to meet the ends of rehabilitation and protection of the public, special conditions implicating fundamental rights are generally upheld.

Criminal Law & Procedure > Sentencing > Corrections, Modifications & Reductions > Circumstances, Eligibility & Factors

Criminal Law & Procedure > Sentencing > Supervised Release

**HN17[]** Corrections, Modifications & Reductions, Circumstances, Eligibility & Factors

A defendant may petition the district court to modify or reduce the conditions of his supervised release, and the district court has the discretion to do so at any time prior to the expiration or termination of the term of supervised release, in accordance with 18 U.S.C.S. § 3583(e)(2).

Constitutional Law > ... > Case or Controversy > Constitutional Questions > Necessity of Determination

**HN18[]** Constitutional Questions, Necessity of Determination

If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that a court ought not to pass on questions of constitutionality unless such adjudication is unavoidable.

**Counsel:** ARGUED: Dana C. Hansen Chavis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

ON BRIEF: Dana C. Hansen Chavis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Frank M. Dale, Jr., UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

**Judges:** Before: GUY, CLAY and WHITE, Circuit Judges. CLAY, J., delivered the opinion of the court in which GUY, J., joined, and WHITE, J., joined in part. WHITE, J. (pg. 13), delivered a separate opinion concurring in part and dissenting in part.

**Opinion by:** CLAY

## Opinion

 [*202] CLAY, Circuit Judge. Defendant Sean Widmer appeals from a final amended judgment entered on September 19, 2013 by the district court imposing on Widmer special conditions of supervised release upon his conviction for receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Widmer challenges one of these special conditions of supervised release, which prohibits him from associating [**2] with minors without first receiving written authorization from his probation officer.

For the following reasons, we **AFFIRM** the district court's imposition of the special condition of supervised release restricting Widmer's association with minors.

### I. BACKGROUND

On February 22, 2011, Widmer pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) for downloading seven still images [*203] and 134 videos depicting "identifiable child victims, prepubescent children in sexual contact with adults and other children, and sadistic and masochistic conduct." United States v. Widmer, 511 F. App'x 506, 508 (6th Cir. 2013). Under the Federal Sentencing Guidelines, each video is deemed equivalent to seventy-five images. Widmer is therefore culpable for possessing 10,057 images. The district court sentenced Widmer to ninety-seven months of imprisonment and five years of supervised release. His supervised release included special "sex offender" conditions, including sex-offender mental-health

treatment, a post-release psychosexual evaluation, probation-officer compliance searches, restrictions on his use of computers, and restrictions on his association with minors.

In a previous appeal before this Court, United States v. Widmer, 511 F. App'x 506 (6th Cir. 2013) ("Widmer I"), Widmer challenged both his sentence and [**3] special conditions of supervised release. In Widmer I, we affirmed Widmer's sentence, and vacated and remanded the special conditions of his supervised release, finding that the district court erred by failing to provide an explanation supporting the application of those conditions. We noted that "[a]lthough we sometimes affirm special conditions of supervised release on a silent record," we could not do so in Widmer's case because the district court "lack[ed] an obvious rationale" for imposing Widmer's special conditions, including the association restriction at issue in Widmer's current appeal. Id. at 512-13. We ultimately remanded the case to the district court "for a fuller explanation of its reasons for imposing" the special conditions of supervised release. Id. at 513. On remand, the district court received additional briefing from the parties, and Widmer was given an opportunity to allocute. At a September 13, 2013 re-sentencing hearing, the district court imposed most of the same conditions of supervised release. Widmer's current appeal challenges only the condition limiting his ability to associate with minors, including his daughter (hereinafter "the association restriction"). This condition states in full: [**4]

> The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about any place that is primarily associated with children under the age of 18, or at which children under the age of 18 normally congregate without the prior written approval of the probation officer.

(R. 64, Amended Judgment, Page ID # 775.)

## II. DISCUSSION

### A. Standard of Review

HN1[↑] We review special conditions imposed during supervised release for abuse of discretion. United States v. Brogdon, 503 F.3d 555, 563 (6th Cir. 2007). This review requires us to consider both the procedural and substantive reasonableness of the special condition at issue in this appeal. United States v. Carter, 463 F.3d 526, 528-29 (6th Cir. 2006).

First, HN2[↑] procedural reasonableness requires the district court to state "its rationale for mandating special conditions of supervised release" in open court at the time of sentencing. United States v. Kingsley, 241 F.3d 828, 836 (6th Cir. 2001).

Second, HN3[↑] the substantive reasonableness inquiry requires us to determine whether the condition of supervised release:

> [*204] (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense [**5] and the history and characteristics of the defendant, and the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission.

United States v. Zobel, 696 F.3d 558, 573 (6th Cir. 2012). HN4[↑] "[W]here a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld." United States v. Ritter, 118 F.3d 502, 504 (6th Cir. 1997). Special conditions of supervised release that "implicate fundamental rights such as . . . freedom of association are subject to careful review, but if primarily designed to meet the ends of rehabilitation and protection of the public, they are generally upheld." Id.; see Zobel, 696 F.3d at 574 (upholding a "no contact with minors condition" where the condition was reasonably related to the protection of the public in a case involving the coercion of a minor to engage in sexual activity); see also United States v. Wright, 529 F. App'x 553, 556 (6th Cir. 2013) (upholding a special condition [**6] limiting a defendant's contact with minors other than his own children where the defendant was convicted of possessing and transporting child pornography).

### B. Analysis

HN5[↑] In light of the district court's "front-row seat" during trial, reviewing courts tend to be deferential to a district court's imposition of supervised release conditions. *United States v. Shultz, 733 F.3d 616, 619 (6th Cir. 2013)*. However, to satisfy procedural reasonableness, the district court is required to state its rationale for imposing supervised release conditions. This Court previously vacated the special conditions of Widmer's supervised release and remanded the case to the district court because the district court had failed to provide sufficient justification for imposing these conditions. *Widmer I, 511 F. App'x at 513*.

On remand, the district court acknowledged its "obligation to state in open court the reasons for imposition of a particular sentence, including the rationale for special conditions of supervised release." (R. 66, Hearing Tr., Page ID # 793.) The district court then provided the following explanation for the association restriction at issue in this appeal, thereby satisfying the procedural reasonableness requirement:

> The Court finds this condition is reasonably related to the history [**7] and characteristics of the Defendant and the nature and circumstances of the offense.
>
> Again, the Defendant has been convicted of receiving child pornography, which, by definition, includes a sexual interest in minor children. And as the Government notes, the materials he possessed included prepubescent children in sexual contact with other adults and other children. The Defendant argues or points out that he has not had any contact offenses or used the internet to entice a minor. While that may be true, this does not negate what he actually did, which is receive child pornography including sadistic images. Moreover, the [*205] results of his previous evaluations, according to this court's review of the record, do indicat[e] some sexual interest in children, and at least one doctor has opined that the Defendant could or may sexually act out in the future.

(*Id.* at 798.)

Widmer challenges the district court's imposition of the restriction against associating with minors, arguing that the condition is not justified by the record or the district court's explanation, does not directly advance the goals of rehabilitation and public protection, and "constitutes an unconstitutional deprivation of Widmer's fundamental rights [**8] of parenthood and to associate with his family." *Defendant's Br.* at 3. HN6[↑] This Circuit has recognized that special conditions affecting fundamental rights require "careful review," *Ritter 118 F.3d at 504*, and that "the Constitution protects a parent's right to raise his children." *Shultz, 733 F.3d at 623*. We therefore first consider the challenged condition as it pertains to Widmer's interactions with minors other than his daughter, and then consider separately the application of the condition to Widmer's interactions with his daughter.

### 1. Association Restriction As It Relates to Minors Other Than Widmer's Daughter

Widmer challenges the association restriction generally on the grounds that the condition (1) is not justified by the record or the district court's explanation, and (2) does not advance the goals of rehabilitation or protection of the public. Both of these challenges are without merit.

Widmer first argues that the district court's explanation was insufficiently individualized and simply restated the elements of his crime. To support this argument, Widmer cites to this Court's decisions in *United States v. Doyle, 711 F.3d 729 (6th Cir. 2013)* and *United States v. Inman, 666 F.3d 1001 (6th Cir. 2012)* for the proposition that special conditions must "relate to the particular circumstances of the case before the court." *Defendant's* [**9] *Br.* at 25. While it is indeed true that HN7[↑] special conditions "must be tailored to the specific case" at hand, these two cases fail to support Widmer's argument. *Inman, 666 F.3d at 1005*. In both *Doyle* and *Inman*, we vacated special conditions of supervised release where the trial courts, unlike the district court in this case, provided *no* explanation justifying the application of special conditions of supervised release. *Doyle, 711 F.3d at 733* (holding that the sentencing court erred by providing *no* explanation for the imposition of association restrictions and a pornography ban on a defendant who failed to register as a sex offender); *Inman, 666 F.3d at 1005* (holding that the district court erred by failing to provide *any* explanation for imposing a number of special conditions, including a lifetime ban on alcohol, on a defendant who had been convicted of possessing child pornography).

In the instant case, on the other hand, the district court on remand provided a particularized explanation for the imposition of the restriction on Widmer's association with minors. The district court's explanation addressed

both the nature of the crime of child pornography possession in general and Widmer's behavior in possessing child pornography in particular. See Zobel, 696 F.3d at 573 (explaining [**10] that HN8[↑] to satisfy substantive reasonableness a special condition must be reasonably related to the "nature and circumstances of the offense and the history and characteristics of the defendant"). The district court emphasized that Widmer possessed sadistic images, and that "the materials he possessed [*206] included prepubescent children in sexual contact with other adults." (R. 66, Hearing Tr., Page ID # 798.) In Shultz, this Court upheld a nearly identical association restriction imposed on a defendant who pled guilty to receiving and possessing child pornography. The Shultz court found that it was proper for the district court to consider the content of particular images, specifically "files depict[ing] adults having sexual intercourse with children" and depicting sadism, when assessing the likelihood that the defendant would pose a risk to children. Shultz, 733 F.3d at 620. The district court in this case considered the same factors in imposing Widmer's association restriction.

In addition to discussing the nature of Widmer's offense, the district court's explanation further pointed to relevant personal characteristics of Widmer, namely that Widmer had "some sexual interest in children" and that "at least one doctor has [**11] opined that [Widmer] could or may sexually act out in the future." (R. 66, Hearing Tr., Page ID # 798.) In his appellate briefing, Widmer points to expert testimony suggesting that he poses a relatively low risk of harming children. The expert assessment upon which Widmer seeks to rely was previously found by the district court to be "highly subjective," leading the district court to order the additional assessment later referenced in the district court's explanation. Widmer I, 511 F. App'x at 508. While Widmer would have us place greater weight on the opinion of his preferred expert, the district court was undoubtedly within its discretion to assign greater significance to the other expert's findings. See In re Cleveland Tankers, Inc., 67 F.3d 1200, 1205 (6th Cir. 1995) (HN9[↑]) "[C]redibility judgments are particularly the province of the district court, with only a narrow scope for appellate intervention when a district court has relied on testimony that simply cannot be believed.").

Widmer next argues that the association restriction cannot be justified as advancing the goals of public protection and rehabilitation because the restriction does not relate to his previous conduct, which was possession of child pornography rather than child abuse. This Court considered a comparable argument in [**12] Shultz. The defendant in Shultz contended that the act of possessing child pornography is sufficiently removed from the act of physically harming a child as to render an association restriction unreasonable. Shultz, 733 F.3d at 621. Like Widmer, the defendant in Shultz emphasized the fact that he had never previously been accused of molestation or child abuse. The Shultz court did not find this argument persuasive, and neither do we. HN10[↑] A defendant convicted of possessing child pornography need not have previously assaulted a minor to justify the imposition of a restriction on the defendant's association with minors. Indeed, "a sex offender does not get one free pass at child molestation before prophylactic rules of supervised release designed to protect children become appropriate." Id. at 621; see also United States v. Wright, 529 F. App'x 553 (6th Cir. 2013) (upholding a condition forbidding a defendant from having contact with minors where the defendant was convicted of possessing child pornography); United States v. Lewis, 565 F. App'x 490, 497 (6th Cir. 2012) (upholding a condition limiting a defendant's contact with minors where the defendant had been convicted of possession of child pornography and failure to register as a sex offender, but had no history of violence or child abuse).

The district court did not abuse its discretion [**13] by imposing a restriction on Widmer's association with minors based on evidence in the record regarding Widmer's sexual interest in children, risk of "sexually act[ing] [*207] out in the future," possession of depictions of adults engaged in sexual activity with children, and possession of sadistic images involving children. (R. 66, Hearing Tr., Page ID # 798.) To the contrary, taking into account Widmer's behavior, history, and personal characteristics, as well as the goals of rehabilitation and protection of the public, the restriction is perfectly appropriate. See Shultz, 733 F.3d at 621; Zobel, 696 F.3d at 574 (finding that a special condition restricting a defendant's access to minors was "reasonably related to the protection of the public and therefore must be upheld" (internal quotation marks omitted)).

### 2. Association Restriction As It Relates to Widmer's Daughter

Widmer argues that applying the association restriction to his interactions with his own child violates his fundamental right of familial association. HN11[↑] "[E]ven individual fundamental rights safeguarded by the

United States Constitution may be denied or limited by judicially exacted special conditions of supervised release, as long as those restrictions are directly related to advancing [**14] the individual's rehabilitation and preventing recidivism." *United States v. May, 568 F.3d 597, 608 (6th Cir. 2009)* (internal quotation marks omitted). Special conditions that implicate fundamental rights are "generally upheld" if they are "primarily designed to meet the ends of rehabilitation and protection of the public." *Ritter, 118 F.3d at 504*. Such conditions are "subject to careful review." *Id.*

HN12[↑] The United States Supreme Court has identified "family life, and the upbringing of children" as "among associational rights this Court has ranked as of basic importance in our society, rights sheltered by the *Fourteenth Amendment* against the State's unwarranted usurpation, disregard, or disrespect." *M.L.B. v. S.L.J., 519 U.S. 102, 116, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996)* (internal citations and quotation marks omitted); see also *Lassiter v. Dept. of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 27, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981)* ("[T]he companionship, care, custody and management of [one's] children is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." (internal quotation marks omitted)). This Circuit has recognized this right as well, noting that "[t]he Constitution protects a parent's right to raise his children." *Shultz, 733 F.3d at 623*; see also *Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007)* ("[P]arents have a fundamental liberty interest in the custody of their children."). However, HN13[↑] these fundamental parental rights are not absolute:

> Although it has recognized this abstract [**15] fundamental liberty interest in family integrity . . . , the Supreme Court has yet to articulate the parameters of this right. Nonetheless, what is clear is that the right to family integrity, while critically important, is neither absolute nor unqualified. The right is limited by an equal[ly] compelling governmental interest in the protection of children, particularly where the children need to be protected from their own parents. Governmental entities have a traditional and transcendent interest in protecting children within their jurisdiction from abuse. Thus, although parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is necessary as against the parents themselves.

[*208] *Kottmyer v. Maas, 436 F.3d 684, 690 (6th Cir. 2006)* (internal citations and quotation marks omitted).

HN14[↑] Special conditions of supervised release that implicate parental rights are considered more intrusive and require explicit consideration by the sentencing court. See *Wright, 529 F. App'x at 556*. In *Wright*, this Court construed an association restriction as inapplicable to a defendant's future children in light of the intrusion [**16] that such a restriction would cause, where the district court had explicitly indicated that the restriction was not intended to affect the defendant's ability to marry or have children. *Id.* Likewise, in *Doyle*, this Court vacated a special condition that would bar a defendant who had been convicted of failing to register as a sex offender from having contact with his own children. *711 F.3d at 734*. The *Doyle* court found that the district court erred procedurally by failing to provide a rationale for the special condition. *Id.* Absent such explanation, the Court found that the record did not justify applying the condition to the defendant's four children. *Id at 734-35*.

In this case, the district court explicitly addressed the application of the association restriction to Widmer's daughter. After providing its explanation—which highlighted the sadistic content of the images possessed by Widmer, the images' depictions of prepubescent children in sexual contact with adults, Widmer's sexual interest in children, and a doctor's opinion that Widmer may "sexually act out in the future,"—the district court confirmed that the association restriction would apply to Widmer's daughter. (R. 66, Hearing Tr., Page ID # 79899.) [**17] The district court stated that, "to the extent this condition would apply to the Defendant having contact or associating with his minor child, the Court is cognizant of that argument on Defendant's part; but [] finds it to be . . . an unfortunate consequence of the criminal activity in this case." (*Id.* at 799.) Although Widmer asserts that the association restriction is not narrowly tailored because it affects his association with his own child, it is clear that the restriction is tailored for the *precise* purpose of protecting Widmer's daughter.

HN15[↑] It is certainly reasonable for the court to be concerned about contact between children and adults, even parents, who have been convicted of crimes that entail a sexual interest in children. Undoubtedly, the court's interest in protecting minors from sexual predation extends to the children of sexual predators. In fact, such children may be most in need of the courts' protection. As we have already acknowledged, there is

a "compelling governmental interest in the protection of minor children, *particularly in circumstances where the protection is necessary as against the parents themselves*." Kottmyer, 436 F.3d at 690 (emphasis added). In the context of determining the necessity [**18] of special conditions of supervised release, trial courts are tasked with considering the need "to protect the public from further crimes of the defendant," Zobel, 696 F.3d at 573, including the need for "[conditions] of supervised release designed to protect children." Shultz, 733 F.3d at 621. Trial courts are afforded considerable deference in such sentencing decisions, as they are best suited to evaluate the danger that a defendant poses to children. Id. at 619-20; see United States v. Poynter, 495 F.3d 349, 351-52 (6th Cir. 2007) ("[W]e should acknowledge the trial courts' comparative advantages—its ring-side perspective on the sentencing hearing and its experience over time in sentencing other individuals—and give considerable deference to their sentencing decisions.").

[*209] Courts have particular cause for concern where a defendant has previously engaged in or benefitted from the abuse of children. While Widmer seeks to portray his crime of conviction as a passive crime that did not endanger children, he admitted to having masturbated to images of children being sexually abused. Widmer I, 511 F. App'x at 508. There is nothing passive about his disregard for the welfare of those children or his willingness to take pleasure in their abuse. In light of the district court's broad sentencing discretion and interest in the protection [**19] of children, it is undeniable that the district court was within its discretion to address its concerns about the safety of Widmer's minor daughter.

The district court provided an adequate justification for imposing the association restriction, explaining the risks posed by Widmer to children and explicitly addressing the necessity of applying the association restriction to Widmer's own child. Considering the nature of Widmer's offense, his personal characteristics and proclivities, the court's interests of rehabilitation and protection of minors—including Widmer's own daughter—the district court was within its discretion to impose the association restriction. See Ritter, 118 F.3d at 504 (HN16[↑]) "[I]f primarily designed to meet the ends of rehabilitation and protection of the public, [special conditions implicating fundamental rights] are generally upheld.").

The duration of this restriction is limited to the five-year period of supervised release imposed by the district court, and Widmer is not without recourse if he believes that future circumstances warrant reevaluation of this special condition. HN17[↑] Widmer may petition the district court to "modify [or] reduce . . . the conditions of [his] supervised release," and the [**20] district court has the discretion to do so "at any time prior to the expiration or termination of the term of supervised release," in accordance with 18 U.S.C. § 3583(e)(2).

Widmer further argues that a constitutionally infirm special condition of supervised release cannot be cured by allowing a probation officer to limit the condition's application. Because we find that the association restriction is *not* "constitutionally infirm" as Widmer claims, we need not decide whether any alleged constitutional infirmity could be cured by empowering a probation officer to limit the effect of the challenged condition. Where no constitutional infirmity exists, this question is irrelevant.[1]

### III. CONCLUSION

The district court's imposition of a special condition of supervised release restricting [*210] Widmer's association with minors as part of Widmer's sentence for possession of child pornography is **AFFIRMED**.

**Concur by:** HELENE N. WHITE (In Part)

---

[1] Widmer's argument implicates the broader issue of whether granting probation officers discretion to determine the application of special conditions of supervised release constitutes an impermissible delegation of a judge's Article III authority. This Court has yet to consider this issue and our sister circuits have reached divergent conclusions. See Shultz, 733 F.3d at 621 (acknowledging circuit split). Some circuits have concluded that similar special conditions violate Article III. See, e.g., United States v. Voelker, 489 F.3d 139, 154-55 (3d Cir. 2007); United States v. Kieffer, 257 F. App'x 378, 381 (2d Cir. 2007) (summary order). Meanwhile, other circuits have found that [**21] such conditions are not unconstitutional. See, e.g., United States v. Rodriguez, 558 F.3d 408, 416 (5th Cir. 2009); United States v. Mitnick, 145 F.3d 1342, 1342 n. 1, [published in full-text format at 1998 U.S. App. LEXIS 10836] (9th Cir. 1998) (unpublished memorandum opinion). This court has not yet addressed this constitutional question, and we decline to do so at this juncture. See Firestone v. Galbreath, 976 F.2d 279, 285 (6th Cir. 1992) (HN18[↑]) "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.").

**Dissent by:** HELENE N. WHITE (In Part)

## Dissent

**CONCURRING IN PART AND DISSENTING IN PART**

HELENE N. WHITE, Circuit Judge, concurring in part and dissenting in part. I concur except with regard to the association restriction as it relates to Widmer's daughter. I do not agree that the district court "explicitly address[ed] the necessity of applying the association restriction to Widmer's own child." Maj Op. 11. Rather, the district court merely remarked that the restriction was "an unfortunate consequence of the criminal activity in this case." Clearly, some restriction [**22] on Widmer's contact with his daughter is necessary and appropriate; however, the district court should have considered whether less-restrictive conditions, such as supervised visitation, sufficiently further probation's dual goals of rehabilitation and protection of the public while also assuring some exercise of the parent—child associational rights involved. Absent an adequate explanation that an almost-complete ban on Widmer's association with his daughter is necessary to rehabilitate Widmer and protect the public (including his daughter), I again conclude that, "because Widmer never solicited or physically harmed a child, the record lacks an obvious rationale for imposing [the no association] restriction."[1] *Widmer I, 511 F. App'x 506, 513 (6th Cir. 2013)*. Thus, the restriction fails careful review because it involves a greater deprivation of liberty than reasonably necessary to achieve the probationary goals of rehabilitation and protection of the public. *United States v. Ritter, 118 F.3d 502, 504 (6th Cir. 1997)*.

**End of Document**

---

[1] Widmer has no prior convictions, and pending sentencing, the court allowed him to visit with his daughter. On first appeal, this court found "no error in the [district] court's characterization of Widmer's conduct, let alone in its evaluation of the evidence to find him sexually [**23] interested in children." *Widmer I, 511 F. App'x at 512*. And we were aware that "Widmer downloaded images of minor children engaging in sexual activity with adult males," *id.*, and that some of the materials portrayed "sadistic and masochistic conduct," *id. at 508*. We also noted that the district court, in its order overruling Widmer's PSR objections, "repeatedly tied the challenged conditions to the crime of child pornography." *Id. at 512*. Nevertheless, we implied concluded that those facts were insufficient to justify the no-association special condition. *Id. at 513*.