1

1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
2                    CENTRAL DIVISION AT LEXINGTON

3                              - - -
     UNITED STATES OF AMERICA,       .    Case No. 5:20-CR-00025
4                                    .
               Plaintiff,            .
5                                    .    Lexington, Kentucky
               - v -                 .
6                                    .    Friday, August 21, 2020
     LARRY D. FOLEY JUNIOR,          .    4:13 p.m.
7                                    .
               Defendant.            .
8                              - - -

9              TRANSCRIPT OF DOCKET CALL PROCEEDINGS
               BEFORE THE HONORABLE DANNY C. REEVES
10                UNITED STATES DISTRICT COURT JUDGE

11                             - - -

12

13   For the United States:     DAVID A. MARYE, ESQ.
                                Assistant U.S. Attorney
14                              United States Attorney's Office
                                260 West Vine Street, Suite 300
15                              Lexington, Kentucky  40507

16   For the Defendant:         WILLIAM DANIEL CARMAN, ESQ.
                                111 Church Street
17                              Lexington, Kentucky  40507

18   Court Reporter:            LINDA S. MULLEN, RDR, CRR
                                Official Court Reporter
19                              101 Barr Street
                                Lexington, Kentucky  40507
20

21   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
22

23

24

25

1    (Proceedings in open court, August 21, 2020, 4:13 p.m.)

2        THE COURT:  Thank you.

3        Madam Clerk, would you call the matter originally

4    scheduled for 3:00 this afternoon.

5        THE CLERK:  Yes, Your Honor.  Lexington Criminal Action

6    Number 20-25, United States of America versus Larry D. Foley

7    Junior, called for rearraignment and motion hearing.

8        THE COURT:  Thank you.

9        Would counsel state their appearances, please.

10       Mr. Marye.

11       MR. MARYE:  Yes, Your Honor.  Good afternoon, David Marye

12   on behalf on the United States.

13       THE COURT:  Thank you.

14       Mr. Carman.

15       MR. CARMAN:  Good afternoon, Your Honor.  Dan Carman here

16   for my client, Larry Foley Junior, seated to my right.

17       THE COURT:  All right.  Thank you.

18       This matter was originally scheduled for rearraignment

19   this afternoon, the defendant having filed a motion indicating

20   he wished to change his plea.

21       And then yesterday afternoon, the Court received -- excuse

22   me -- the defendant filed a motion to continue the

23   rearraignment for one to two weeks, indicating that he had

24   received additional discovery from the United States and he

25   wished to consult with the defendant regarding the discovery,

3ca376751db283c4

1    and wished to consult with the defendant generally about the

2    matter, and that he may not be prepared to proceed with

3    rearraignment on the date scheduled, which is today.

4         Mr. Carman, what's the current position of the defendant?

5         MR. CARMAN:  Judge, simply that.  We received a little

6    bit -- well, perhaps a good bit more of the discovery, which

7    had been described for me in meetings with the government

8    previously, but I received it and I'm going through it.

9         I had a video meeting with Mr. Foley yesterday morning.

10   And he indicated -- we discussed some things.  He indicated he

11   wasn't quite ready to proceed with rearraignment.

12        I would also note that this is a case where, pursuant to

13   the plea agreement that's been negotiated, it calls for

14   guidelines of life, and a statutory penalty between 15 and

15   30 years, so it's obviously a very serious case.

16        If the Court would be willing to give us just a week or

17   two, I've discussed with the United States and made tentative

18   arrangements to go to the FBI office this coming Monday, here

19   in a few days, and review some audio to confirm some of the

20   notes that were contained in some of the discovery materials.

21        And then I believe Grayson County will let me visit

22   Tuesday, if I get diligent with them, to bring more materials.

23        It's also a case, Judge, where I can't -- there's a good

24   bit of materials.  It's not a case where I can leave this

25   material at the detention center with him.  So obviously that

4

1   poses a little bit of an extra challenge.

2       But we're not asking for a trial date or anything of that

3   matter, Judge.  We're just asking, in this very serious case,

4   for a little bit more time.  I didn't want to come before the

5   Court today without Larry being comfortable, provident to a

6   plea and fully ready to proceed.

7       THE COURT:  The matter was originally scheduled for trial

8   this last time for this week, Tuesday, August 18th, I believe.

9       MR. CARMAN:  I think that's correct.  Correct.

10      THE COURT:  And the motion was not filed after the trial

11  date has been vacated.

12      Mr. Marye, what's the reason for this late production of

13  discovery in the case?

14      MR. MARYE:  Your Honor, I apologize.  We had met with

15  Mr. Carman way back in April, a discovery review at the FBI

16  office where he saw the images.  And Special Agent Kidd

17  provided him a number of materials, obviously none of the

18  images at that time.

19      And then after the superceding indictment, which was

20  June the 18th it was returned, we had another meeting on

21  July 6th where she brought her computer and we showed further

22  images, and again gave him a number of pages of the discovery

23  that were printed out.

24      Somehow we failed to document what was provided to him.

25  And in reviewing some additional materials that the agent got

5

1    to me some time ago, it just slipped through the cracks and was

2    not provided to him, although he was, I think, aware of

3    virtually everything.

4         So that was prepared last Friday.  We actually gave him

5    everything at one time just to make sure that nothing was left

6    out.  Even though some of the materials that we gave him that

7    were provided or available last Friday, he had already been

8    provided.

9         That was one of the reasons I said I would not object to

10   his request.  And I apologized to him and to the Court that

11   somehow that had just slipped up.  I felt like certainly from

12   the two evidence reviews that, you know, there was ample

13   evidence there to justify a plea.  And certainly under the

14   impression that was going to be what Mr. Carman's advice was to

15   his client.

16        But obviously his client has to be satisfied, so that was

17   why I did not object.  Yesterday, he asked me -- called me and

18   asked me about that.

19        THE COURT:  All right.

20        Well, you've kind of boxed me in in terms of continuing

21   the trial date and then this issue coming up after the trial

22   date's been continued.

23        So I'm going to deny the motion to continue the

24   rearraignment.  I'm going to reschedule the matter for trial

25   beginning September 1st, which is a Tuesday.  I have a number

6

1  of other matters that are set that week, and also another trial

2  set that date.  I may have to try to find another judge to

3  handle that other case.  I'll do my best to do that.

4      I understand this case will take approximately two days to

5  try; is that correct?

6      MR. MARYE:  I think that would probably suffice, Judge.  I

7  mean, maybe to be safe three with selecting the jury and all of

8  the things that have to occur because of the COVID virus.

9      THE COURT:  I've picked two juries, one in May and one in

10  June.  I have not stopped because of the COVID virus.  We

11  continue to pick juries.  Last jury I was able to select, we

12  had opening statements before the lunch break.

13      MR. MARYE:  Very well.  I think two would suffice then,

14  Judge.

15      THE COURT:  All right.  We'll set this for trial beginning

16  Tuesday, September 1st.

17      I'll tell you at this point the way I do select the jury

18  in these cases under the situation we're presented with now.

19      I've been calling two panels of jurors in, so we have

20  between 25 and 30 jurors in each panel.  We separate the jurors

21  out in the courtroom for jury selection.  The first will be

22  here at 9:00.  And the second, just to be on the safe side,

23  we'll bring in at 10:30 for jury selection.

24      After we've gone through our questions for the first

25  panel, I'll send those jurors down either to Courtroom D or to

7

1    the jury assembly room, and then bring the second panel up.

2    We'll go through the same selection procedures in terms of

3    challenges for cause.

4         After we finish with the voir dire of the second panel,

5    I'll ask the clerk to identify what will be 31 jurors to allow

6    the attorneys to exercise their peremptory challenges.  The

7    first 28 will be for the main panel and the last three will be

8    for the alternate to be selected in the case.

9         The defendant has ten strikes against the main panel,

10   first panel of 28.  The government has six.  And then each side

11   has one strike against the panel of alternates, which will be

12   the last three jurors called.

13        You will not exercise those strikes with all the jurors in

14   the courtroom.  They will be in their respective rooms

15   downstairs.  You'll give your challenges to the clerk, the

16   peremptory challenges.  The first 12 jurors called but not

17   stricken would then be selected for the case.  And the first

18   alternate called but not stricken would be seated as well.

19        We'll then excuse the remaining jurors and then bring up

20   the jury that will be trying the case.

21        So essentially you'll be going through your questions with

22   each panel of potential jurors.  I will be asking the bulk of

23   the questions, but you'll have some time reserved for your

24   questions for the jury.

25        And we'll begin with the jury selection, as I indicated,

1    on September 1st.  If the parties do work out some resolution

2    prior to that date, then you should alert me sooner rather than

3    later because I do have a number of matters I'm going to have

4    to reschedule to accommodate the trial of this matter.

5         Any questions about any of those materials or those

6    matters that were covered, Mr. Marye?

7         MR. MARYE:  No, Your Honor.

8         THE COURT:  Mr. Carman?

9         MR. CARMAN:  No, Your Honor.  Thank you.

10         THE COURT:  All right.  Very well.  Unless there are other

11    matters to be taken up, we will be in recess.

12         (Proceedings concluded at 4:23 p.m.)

13

14                    C E R T I F I C A T E

15

16          I, Linda S. Mullen, RDR, CRR, do hereby certify that

17    the foregoing is a correct transcript from the record of

18    proceedings in this above-entitled matter.

19

20    /s/Linda S. Mullen              December 22, 2020
      Linda S. Mullen, RDR, CRR      Date of Certification
21    Official Court Reporter

22

23

24

25